United States District Court
Middle District of Florida
Jacksonville Division

**FERNANDO E. PLATA,**

    *Plaintiff,*

v.                              **NO. 3:26-cv-632-JEP-PDB**

**MARIO HERNAN ECHEVERRI ET AL.,**

    *Defendants.*

---

## Order

This order addresses pending motions and other matters.

### 1.

The plaintiff sues FCI FL3 Holdings LLC, Mario Hernan Echeverri, and others for alleged violations of state and federal securities laws. Doc. 7. Thus far, only Echeverri has appeared to defend himself.

"A defendant must serve an answer … within 21 days after being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Within twenty-eight days after a party's failure to plead or otherwise defend, a party entitled to a default must apply for the default." Local Rule 1.10(b). "Within thirty-five days after entry of a default, the party entitled to a default judgment must apply for the default judgment[.]" Local Rule 1.10(c).

A process server has sworn that she served FCI FL3's registered agent with the summons and complaint on April 30, 2026. Doc. 11-1 at 1. The deadline for FCI FL3 to respond was May 21, 2026.

Because the plaintiff has shown by the process server's sworn statement that FCI FL3 has failed to appear or otherwise defend in this action, the plaintiff's motion for entry of default, Doc. 12, is **granted**. The clerk is **directed** to enter default against FCI FL3 Holdings LLC. Considering the risk of inconsistent judgments,* the court sua sponte **extends** the deadline to move for default judgment against FCI FL3 to thirty days after a decision on the claims against the last remaining defendant.

**2.**

Lawton Graves, Esquire, and Matthew Clarke, Esquire, move to substitute Graves for Clarke as counsel for Echeverri. Doc. 16. The court construes the motion as a motion to withdraw.

Because Echeverri consents to the withdrawal, Graves will remain counsel of record for Echeverri, the plaintiff has no objection, and granting the relief will not affect case management, the court **grants** the motion, Doc. 16,

---

*"[W]hen defendants are similarly situated … judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). District courts in the Eleventh Circuit have declined to enter a default judgment against a defendant if another defendant has appeared to defend the action and there is a risk of inconsistent judgments. *See, e.g.*, *Landstar Ranger, Inc. v. JC Tanda Transp., Inc.*, No. 3:24-cv-857-MMH-LLL, 2025 WL 3682669, at *2 (M.D. Fla. Oct. 31, 2025) (order deferring ruling on motion for default judgment); *Sec. Nat'l Ins. Co. v. Alfred Marchetti, Inc.*, No. 6:25-cv-807-CEM-DCI, 2025 WL 2581856, at *1 (M.D. Fla. Aug. 12, 2025) (order denying motion for default judgment).

**permits** Clarke to withdraw, and **directs** the clerk to modify the docket accordingly.

The plaintiff's motion to disqualify, Doc. 14, is **denied as moot**.

**3.**

The plaintiff's motion for alternative service on Echeverri and an extension of time to serve Echeverri with process, Doc. 15, is **denied as moot**. The plaintiff served Echeverri with process within the time allowed. Doc. 18, *see* Doc. 17 (the plaintiff's notice of mootness).

**4.**

By **July 16, 2026**, Echeverri must file a disclosure statement as required by Local Rule 3.03. The required form is in the "forms" section of the court's website, www.flmd.uscourts.gov/forms/all.

**5.**

The parties are reminded that they must comply with Local Rule 1.08, which requires the use of certain typography, including double-spacing, specific typefaces, bottom-center page numbering (but no numbering necessary on page one), and, generally, a 13-point font (or a 14-point font in the Times New Roman typeface). The Local Rules are available on the court's website, www.flmd.uscourts.gov/sites/flmd/files/flmd-amended-local-rules-effective-november-01-2025.pdf.

3

**6.**

If the plaintiff would like to receive electronic notification of future filings in this case, he may submit a Consent to Receive Notices of Electronic Filings (NEFs) form. The consent form is available on the court's website, https://apps.flmd.uscourts.gov/proseNEF/.

If the plaintiff submits the consent form, he waives his right to receive service of documents by first-class mail and instead consents to the court and opposing counsel using an email address to send electronic notifications of orders, notices, and other non-sealed documents filed in this case. An NEF email will include a hyperlink to view the filing for the first time at no charge. The hyperlink expires after the earlier of two events: the first use or 15 days after the notice is emailed. After the hyperlink expires, the plaintiff may view the filing by accessing PACER (which may require a fee) or by using a public-access terminal in the clerk's office. To avoid incurring fees, the plaintiff should print or save the filing when using the one free look.

**Ordered** in Jacksonville, Florida, on July 2, 2026.

*Patricia D. Barksdale*

Patricia D. Barksdale
*United States Magistrate Judge*

c:      Fernando E. Plata
        AK 19 # 131A-10 Ap-1-702
        Bogotá, Colombia